UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:20-cr-00194-TWP-MJD-1 |
| | ) |
| DEMETRIS CAMPBELL, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON THE GOVERNMENT'S MOTIONS *IN LIMINE*,
NOTICE OF 404(b) EVIDENCE, AND *SANTIAGO* PROFFER**

This matter is before the Court on several matters imbedded within the Government's Trial Brief (Filing No. 151)[1].  The Government has filed Motions *in Limine, id*. at 23-26; a Notice of Intent to Use Uncharged Conduct Evidence as Direct Evidence Under F.R.E. 402 and Evidence Admissible Under F.R.E. 404, *id*. at 27-38; and a *Santiago* Proffer, *id*. at 38-42. This matter is scheduled for trial by jury on June 17, 2024.  At the final pretrial conference, the Court offered Defendant Demetris Campbell ("Campbell") an opportunity to respond the pending motions, and Campbell, by counsel, declined the offer.  For the following reasons, the unopposed Motions *in limine* are **granted**, and the Government's Rule 404(b) Notice and *Santiago* Proffer are **approved**.

## I.   BACKGROUND

This case involves an alleged conspiracy in which the Government alleges that Campbell worked with others including his co-defendant, Angel Montano ("Montano") to rob multiple victims using a firearm.  On August 26, 2020, a federal grand jury returned an eight-count Indictment arising from four separate robberies or attempted robberies against Campbell and

---

[1] The Government is reminded that even in criminal cases, motions should be filed separately and not contained within a brief, unless ordered by the court.  *See* Local Rule 7-1 (a). Separate filings are easily searchable while imbedded filings of are not.

Montano. (Filing No. 25.) The Government later moved to dismiss Count 8 of the Indictment—which charged Campbell with Discharging a Firearm in Furtherance of a Crime of Violence-Resulting in Death (Filing No. 72)—and the Court granted that motion (Filing No. 73). Montano pleaded guilty several counts and was sentenced on February 3, 2023. (Filing No. 99). On May 7, 2024, the grand jury returned an eight-count Superseding Indictment which charges Campbell with Count 1: Conspiracy to Interfere with Commerce by Robbery; Counts 2, 4, and 6, Interference with Commerce by Robbery; Counts 3, 5, and 7 Brandishing a Firearm During and in Relation to a Crime of Violence; and Count 8: Attempted Interference with Commerce by Robbery.

Campbell is alleged to have conspired with Montano to arrange fictitious sales of electronic devices to individuals who contacted him via marketplace online applications and then robbed them using a firearm when the buyer arrived at a pre-determined location. The Government alleges that Campbell would arrange the meeting locations with potential victims and inform Montano regarding the meeting plans. Montano would then rob them with Campbell's foreknowledge including advance knowledge that Montano used and brandished a firearm during the robberies. The charged robberies and attempted robbery occurred on July 19, 2020, July 20, 2020, July 22, 2020, and July 28, 2020. Campbell is alleged to have been present only at the July 28, 2020 attempted robbery, and the Government does not allege that he brandished the firearms at any of the charged robberies.

To prove each count beyond a reasonable doubt, the Government seeks to offer testimony from the alleged victims, fact witness, and law enforcement officers, as well as photographs of robbery locations, business records provided by OfferUp, Letgo, iCloud, EcoATM, 2 Apple, Inc., Sprint, PayPal, Google, Inc., Meta, Inc. and Leads Online, and others, data obtained from cell phone forensics, records of calls and messages between Campbell, Montano, and others, expert

testimony regarding forensic data, cell phone location data, firearm data, and coded language, physical evidence, and Campbell's Mirandized audio and video recorded statement. (Filing No. 151 at 8-9.)

## II.   DISCUSSION

The Government asks the Court to issue preliminary rulings regarding the admissibility of certain evidence, arguments, or witnesses in their Motions *in Limine*.  The Court will first rule on the Motions *in limine*, followed by the 402/404(b) Notice, then the *Santiago* Proffer.

### A.   Motions *in Limine*

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. Id. at 1401. "The purpose of a motion *in limine* is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct.  A motion *in limine* weeds out evidence that is not admissible for any purpose." *Wash. Frontier League Baseball, LLC v. Zimmerman*, 2018 U.S. Dist. LEXIS 106108, at *10 (S.D. Ind. June 26, 2018).

3

1. **"Golden Rule" Appeal**

The Government first requests a ruling precluding argument known as "Golden Rule" appeals in which the jury is asked to place itself in the shoes of another. These appeals are "universally recognized as improper because it encourages the jury to depart from [their] neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Roman*, 492 F.3d 803, 806 (7th Cir. 2007) (quoting *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989)). The unopposed motion *in limine* precluding the "Golden Rule" appeal is **granted**.

2. **References to Potential Punishment**

The Government seeks to preclude the introduction of evidence, making argument, or mentioning the potential penalties Campbell faces if he is convicted. (Filing No. 151 at 24–25.) The Seventh Circuit has held that arguing punishment to a jury is taboo. *United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997) (vacated on other grounds, *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985, (1999)); *see also United States v. McKenzie*, 922 F.2d 1323, 1327 (7th Cir. 1991) (stating the sixth amendment requires that a jury determine questions of guilt or innocence; punishment is the province of the Court). The jury has no sentencing function in this case, and in the event of a guilty verdict, the imposition of sentence is strictly for this Court. In fact, the jury will be instructed that it is required to reach its verdict without regard to what sentence might be imposed. The unopposed motion *in limine* precluding the mention of potential penalties is **granted**.

3. **Discovery Requests and References to Discovery**

The Government next requests the preclusion of requests for discovery or otherwise discussing discovery matters in the presence of the jury. (Filing No. 151 at 26.) The Court agrees

that such requests or comments in the presence of the jury could mislead the jury into the belief that one party is withholding information from the other or from the jury. *See United States v. Elliott*, 2022 WL 1658803, at *5 (S.D. Ind. May 24, 2022) (granting a similar request in the absence of objection from the opposing party); *United States v. Dochee*, No. 08 CR 108-4, 2009 WL 102986, at *1 (N.D. Ill. Jan. 15, 2009) ("[C]ommentary on discovery matters by either party in the presence of the jury could create the impression that the opposing party is withholding information."). The Government's unopposed request to preclude commentary on discovery and discovery requests while in the jury's presence is **granted**.

4. **Dual Role Witness**

Finally, in its Trial Brief, the Government requests a pretrial ruling concerning its intent to produce both lay witness and expert witness testimony from Special Agent Len Rothermich. (Filing No. 151 at 18.) The Government suggests that the Court issue a jury instruction distinguishing between these types of evidence and urges the Court to issue that instruction as stated by the Seventh Circuit in *United States v. Jett*, 908 F.3d 252, 270 (7th Cir. 2018). In *Jett*, the Seventh Circuit addressed the course a district judge should take when the government intends to offer this type of "dual-role" testimony from a law enforcement witness. *Id.* at 269. The circuit court suggested that a district court first "encourage the government to present the expert and lay testimony separately," then, when the government begins the expert testimony portion, "the district judge should instruct the jury that the testimony it is about to hear is the witness's opinion based on training and experience, not firsthand knowledge, and that it is for the jury to determine how much weight, if any, to give that opinion." *Id.* at 269–270. The circuit court noted that "[w]hat is important is ensuring that the jury understands that the testimony is different, and should be

5

evaluated differently, from the agent's other testimony." *Id.* at 270. The circuit court then suggested the following formulation, or something similar, for such an instruction:

> You have heard the testimony of [an agent], who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.
>
> As to the testimony to facts, consider the factors discussed earlier in these instructions. . . . As to the testimony on opinions, you do not have to accept [the agent's] opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

*Id.*

The Court agrees that the parties shall follow the procedure described in *Jett*, and **grants** the Government's unopposed *in limine* request.

**B.      Government's 402 and 404(b) Notice**

Federal Rule of Evidence 404(b)(1) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Rule 404(b)(2) allows evidence of a crime, wrong, or other act when it is used "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Seventh Circuit has provided a four-part test to be used in 404(b) determinations. Courts are to consider whether: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *See United States v. Howard*, 692 F.3d 697, 703 (7th Cir. 2012).

6

Rule 402 of the Federal Rules of Evidence states that, as a general rule, "[r]elevant evidence is admissible." Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence should be admitted unless its "probative value is substantially outweighed by [the] danger" of unfair prejudice. Fed. R. Evid. 403. Rule 404(b)'s prohibition does not apply to direct evidence of the crimes charged and is subject only to Rule 401's relevancy requirements and Rule 403's balancing test. *United States v. Ferrell*, 816 F.3d 433, 442–43 (7th Cir. 2015); *United States v. Gorman*, 613 F.3d 711, 718 (7th Cir. 2010). Direct evidence of a crime is almost always admissible against a defendant. *United States v. Gorman*, 613 F.3d 711, 717 (7th Cir. 2010). *See* Federal Rule of Evidence 402. The Seventh Circuit has directed that district courts must also assess whether the probative value of the "other act" evidence is substantially outweighed by the risk of unfair prejudice, and courts may exclude the evidence under Rule 403 if the risk of unfair prejudice is too great. *United States v. Gomez*, 763 F.3d 845, 856–60 (7th Cir. 2014).

The Government seeks the admission of four categories of evidence which it states are relevant and admissible under Rule 402: (1) photographs of Campbell and Montano, (2) photographs of Campbell and Montano, individually and together, with firearms, (3) messages to and from Campbell and Montano discussing obtaining and/or possessing firearms and ammunition, and (4) Campbell's statements that he had participated in approximately ten robberies with Montano in July 2020. (Filing No. 151 at 27–28.) The Government's notice states that it may seek to introduce this evidence under Rule 404(b) in the alternative. *Id*.

The Government seeks to offer photographs of Campbell and Montano together, some with firearms present and some without, as well as text messages to and from Campbell and Montano

7

discussing obtaining and/or possessing firearms and ammunition. To prove Count 1, which charges Campbell with conspiracy, the Government points out that it must prove that the conspiracy between Campbell and Montano existed. The Government asserts "[t]he association between the two men—as evidenced by photographs of the two together and their conversations during the relevant time period—is directly relevant to whether the conspiracy existed." (Filing No. 151 at 32). Additionally, to prove Counts 3, 5, and 7, which charge Campbell with brandishing a firearm during and in relation to a crime of violence, the Government must prove that Campbell had advance knowledge that another participant would brandish a firearm during and in relation to the robbery. The Government argues that "[w]hether the two had access to firearms during the time period in which the robberies took place—and Campbell's knowledge that the two had access to firearms and ammunition—goes [] directly to the question of whether Campbell would know that Montano would brandish a firearm at the robberies." *Id*. The Government also argues the photographs evidence guns that match the descriptions of the firearms utilized in the robberies and are relevant for the same reasons. *Id*.

    Campbell has not filed any objection to this evidence being admitted as direct evidence under Rule 402 or non-propensity evidence under 404(b). The Court agrees that photographs of Campbell and Montano together is direct evidence to prove that the conspiracy between them existed, and photographs of them with firearms is direct and circumstantial evidence to show that firearms were possessed during the relevant time period, and to show that Campbell knew Montano would brandish firearms at the robberies. Additionally, the text messages and other communications to and from Campbell and Montano discussing obtaining and/or possessing firearms and ammunition is direct evidence to show conspiracy and knowledge concerning the firearms. Accordingly, this evidence is admissible under Rule 402. Campbell's text messages and

online conversations are also admissible as the statement of a party opponent. Fed. R. Evid 801(d)(2)(A) (A statement is not hearsay if it "is offered against an opposing party and . . . was made by the party in an individual or representative capacity.").

The Government also seeks to introduce Campbell's Mirandized statements outlining the conspiracy, his role in the charged robberies, his use of the OfferUp and Letgo accounts, and his knowledge that Montano would brandish a firearm during the robberies. (Filing No. 151 at 12.) The Government proffers that when Campbell was asked how many robberies he had completed during the month of July 2020, Campbell responded "I say ten," stating that he "just kind of set them up." *Id*. The four charged robberies and attempted robbery all occurred in July 2020, and the Court agrees that statements concerning the charged robberies is directly relevant and admissible. The Government recognizes that the number of robberies to which Campbell confesses—ten—is larger than the four robberies that are charged but argues this evidence shows Campbell's advance knowledge of the way the robberies would be carried out, given that he and Montano had done several together. *Id*. at 33. The Government asserts the ten-robbery statement is relevant and direct evidence of Campbell's guilt, and accordingly may be admitted at trial under F.R.E. 401 and 402. *Id*. at 34.

The Court believes a 404(b) analysis is appropriate concerning Campbell's statement that he participated in ten robberies with Montano in July 2020. This evidence could easily be interpreted by a jury as propensity to commit other bad acts. The Government contends Campbell's statements that he participated in approximately ten robberies in the month of July 2020 is admissible to show "knowledge of how to set up and complete the robberies for which he is charged, and the manner in which Montano would execute the robberies given that they had participated in so many together." (Filing No. 151 at 36.) And "Campbell's statements that he

committed approximately ten robberies during the month in which the four charged robberies took place is evidence that he did not accidentally or unintentionally set the victims up, rather he knew that he was setting them up to be robbed at gunpoint." *Id*. at 37.

Campbell does not object to the Government's request to offer this evidence, and the Court finds that the proffered statements are admissible under Rule 404(b). The Government's proffered evidence is permissibly directed toward establishing Campbell's knowledge of the plans to commit armed robberies, and absence of mistake. This evidence is highly probative of the charges and the probative value outweighs any risk of unfair prejudice to Campbell. The first and fourth prongs of the Rule 404(b) test are therefore satisfied. *See Howard*, 692 F.3d at 703.

Further, the other act evidence—six uncharged robberies in July 2020—is similar and close in time to be relevant to the matters at issue, so the remaining two prongs, similarity and recency, are satisfied. The Court therefore **approves** the Government's Rule 404(b) Notice with respect to this proffered portion of Campbell's Mirandized statement.

Upon request of defense counsel, the Court will give a limiting instruction during the trial at the time the 404(b) evidence is introduced. The Seventh Circuit has "caution[ed] against judicial freelancing in this area." *Gomez*, 763 F.3d at 860. In some situations, the defense may prefer "to let the evidence come in without the added emphasis of a limiting instruction," and if so, the judge should not preempt this. *Id*.; *see also United States v. Lawson*, 776 F.3d 519, 522 (7th Cir. 2015) ("[T]he choice whether to give a limiting instruction rests with the defense, which may decide that the less said about the evidence the better."). If Defendant intends to request a limiting instruction concerning 404(b) evidence, his counsel is directed to prepare a limiting instruction for the Court to read to the jury during trial, as well as a tendered final jury instruction.

C.  *Santiago* **Proffer**

Rule 801(d)(2)(E) of the Federal Rules of Evidence provides that statements by co-conspirators made during the course and in furtherance of the conspiracy is not hearsay excluded under Rule 802. When a statement of a co-conspirator which would otherwise have been regarded as hearsay is proffered, a preliminary question arises under Rule 104 of the Federal Rules of Evidence. Rule 104 requires a preliminary determination by the trial judge as to the admissibility of the declaration of a co-conspirator. Under Rule 104, the competence of a co-conspirator declaration justifying its admissibility depends upon whether or not the existence of the conspiracy has been sufficiently established by independent evidence, and whether under Rule 801(d)(2)(E) the declaration was made during the course and in furtherance of the conspiracy.

The trial judge retains the option of conditionally admitting the co-conspirator declaration evidence before the conspiracy has been independently established, but subject to the subsequent fulfillment of that critical condition. The standard to be applied during this competency determination is, "if it is more likely than not that the declarant and the defendant were members of a conspiracy when the hearsay statement was made, and that the statement was in furtherance of the conspiracy, the hearsay is admissible." *United States v. Santiago*, 582 F.2d 1128, 1134 (7th Cir. 1978). In addition, the existence of a criminal conspiracy may be proven entirely by "way of circumstantial evidence." *United States v. Viezca*, 265 F. 3d 593, 597 (7th Cir. 2001).

The Seventh Circuit has approved and encouraged the use of a government proffer in satisfying its burdens of independently establishing the foundation for admissibility of a co-conspirator's statement. *See United States v. Andrus*, 775 F.2d 825, 837 (7th Cir. 1985). The proffer option has the advantage of economy, witnesses will not have to be brought in twice, and

the Court will not spend an excessive amount of time making the determination which is only preliminary. *Id*.

The Government has filed its proffer within its Trial Brief. (Filing No. 151 at 38-43.) Campbell has not filed an objection to the *Santiago* proffer. The proffer summarizes the evidence that will establish, by a preponderance of the evidence, that Campbell conspired with Montano and others to lure victims to specific locations and rob them when they arrived. The proffered evidence includes communications between Campbell and Montano discussing the logistics of the robberies, such as confirming the time and place the victims are planning to arrive for the fictitious sales, and Montano's access to firearms and ammunition. There are messages between the two confirming the set-ups –regarding the location of potential victims and the details of fictitious sales. The Government proffers that Montano instructed Campbell on what to tell the victims, such as "Tell that bitch ima be under the garage thing," and asked Campbell for identifying information, such as "Watt kinda car?" the victim was driving. The evidence also includes admissions by Campbell that he was in "agreement" with Montano and another person to "basically set up these deals and [the other men were] going to rob them." *Id.* at 42. Campbell made further admissions explaining the course of the communications between himself and Montano including that he would be contacted by a victim and he would give them a price of an iPhone, that he would tell them where to go to meet him for the sale, and that he would then contact Montano and tell him the details of the arranged sale including the type of car the victims were arriving in. *Id.* He stated that the Montano would rob them and that the purpose of the conspiracy between himself and Montano was to obtain money. *Id*.

The Court has reviewed the Government's proffer in detail. The proffer sets forth a coherent and facially plausible story that does not, at the present time, appear to be contradicted

by extrinsic evidence. *See United States v. Brookins*, 52 F.3d 615, 623 (7th Cir. 1995). Regarding the charged conspiracy, the Government's proffer provides sufficient evidence to convince the Court by a preponderance of the evidence that (1) the conspiracy existed, (2) Campbell and Montano were members of the conspiracy, and (3) the statement(s) sought to be admitted were made during and in furtherance of the conspiracy. *See United States v. Cox*, 923 F.2d 519 (7th Cir. 1991). Thus, the Court accepts and **approves** the proffer pursuant to *United States v. Santiago* and makes a preliminary finding that a conspiracy existed for the admission of Montano's statements for their truth against Campbell under Rule 801(d)(2)(E) of the Federal Rules of Evidence.

### III.  CONCLUSION

The Government's Motions *in Limine* (Filing No. 151) with regard to "Golden Rule" appeals, references to potential punishment, references to discovery and discovery requests in the presence of the jury, and use of the "dual-role" testimony procedure described in *United States v. Jett*, 908 F.3d 252, 270 (7th Cir. 2018) is **GRANTED**. An order *in limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the trial, counsel may approach the bench and request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during trial, counsel may raise specific objections to that evidence.

The Noticed 402 and 404(b) evidence is **APPROVED**. Concerning the 404(b) evidence, Defendant's counsel shall file and email to the Courtroom Deputy Clerk a proposed limiting instruction by no later than **Friday June 14, 2024**, if Campbell intends to request a limiting instruction concerning 404(b) evidence that is admitted during the trial.

The co-conspirator statements summarized by the Government in its *Santiago* proffer are conditionally admitted pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence, at the trial of this matter, subject to Campbell's right to later object if the proffered evidence does not materialize. Further, nothing in this Order precludes the Court's ability to divert from these preliminary findings based on evidence produced at trial. The Government's *Santiago* Proffer therefore is conditionally **APPROVED.**

**SO ORDERED.**

Date: 5/17/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

James A. Edgar
J. EDGAR LAW OFFICES, PC.
jedgarlawyer@gmail.com

Carolyn Anne Haney
UNITED STATES ATTORNEY'S OFFICE
carolyn.haney@usdoj.gov

Tiffany Jacqueline Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
tiffany.preston@usdoj.gov